UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY WHEELER,

    Plaintiff,

v.                              08-3035

JORGE MONTES,
Chairman of Prisoner Review Board,

    Defendant.

## Order

    The plaintiff, incarcerated in Pinckneyville Correctional Center, files this action challenging his denial of parole and alleged illegal imposition of mandatory supervised release provisions.

    Plaintiff's challenges go to the validity of the length of his sentence. Challenges to the length of a sentence cannot proceed as an action under 42 U.S.C. § 1983 unless and until the sentence is otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This rule prevents an "end-run" around habeas corpus procedures:

> [A] section 1983 suit for damages that would 'necessarily imply' the invalidity . . . of an inmate's conviction, or 'necessarily imply' the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence. . . . This 'favorable termination' requirement is necessary to prevent inmates from doing directly through damages actions what they could not do directly by seeking injunctive relief-challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute.

*Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004), *quoting Heck v. Humphrey*, 512 U.S. 477, 487 (1994)(other citations omitted). Thus, this case will be dismissed without prejudice, meaning Plaintiff can refile the claim immediately as a habeas action under 28 U.S.C. § 2254, subject to the rules and limitations of those proceedings. *See Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005). The court is not ruling on the merits of the claim.

    The court hastens to add, however, that it is not saying Plaintiff has a viable habeas

action or that he *should* file a habeas action.  Plaintiff is advised to carefully consider the consequences of pursuing a habeas corpus action.  For example, habeas actions have strict time limits and require prior exhaustion of state remedies.  28 U.S.C. § 2254(b)(1); *see also* Rule 9 governing 28 U.S.C. § 2254 cases.  Pursuing a habeas action prematurely could bar later petitions regardless of merit.  Additionally, a petition must show the sentence is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented . . . ."  28 U.S.C. § 2254.

IT IS THEREFORE ORDERED THAT the plaintiff's complaint is dismissed without prejudice.  All pending motions are denied as moot (d/e 2), and this case is closed.

Entered this 15th Day of February, 2008.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE